383 So.2d 109 (1980)
Bill BURNS, Plaintiff-Appellant,
v.
TOWN OF LEESVILLE et al., Defendants-Appellees.
No. 7539.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1980.
*110 Gravel, Roy & Burns, Dee D. Drell, Alexandria, for plaintiff-appellant.
Hall, Lestage & Lestage, F. Steve Landreneau, DeRidder, Jack L. Simms, Leesville, for defendants-appellees.
Before SWIFT, STOKER and LABORDE, JJ.
SWIFT, Judge.
Plaintiff, Bill Burns,[1] instituted this tort action to recover damages for personal injuries sustained when he fell from a bunk bed while incarcerated in the Leesville City Jail. The defendants are the Town of Leesville, its insurer, Hartford Accident and Indemnity Insurance Company, Bill Hillmon, Leesville's Chief of Police and the Village of New Llano.[2] Without assigning written reasons, the trial judge rejected plaintiff's demands. From the adverse judgment, plaintiff has taken this appeal.
The facts are that on December 16, 1974, plaintiff, the owner of Hunt's Lounge in New Llano, spent the afternoon sampling the wares of his business. Later that evening officers of the New Llano police department, Robert Smart and T. C. Frusha, entered plaintiff's business establishment and placed him under arrest on a charge of drunkenness. The Village of New Llano having no jail facilities, plaintiff was transported to the Leesville City Jail where he was booked on the charge of disturbing the peace by being drunk. The plaintiff was taken then to a cell and assigned the upper bed of a double decker bunk. Although plaintiff could not remember who helped him into his bunk, he testified that prior to being locked up the New Llano police had put him in the custody of Leesville police authorities.
The exact time is not clear from the record. However, several hours after being incarcerated the plaintiff attempted to leave the top bunk. He said that, "I started to jump off or rolled off or something" and fell across the bottom bunk, striking his back on its metal railing and landing on the floor. According to plaintiff, after his fall he was unable to move because of injuries caused by hitting the metal railing. Plaintiff alleged that he requested medical attention several times but the jail officials or policemen ignored his requests.
Mr. Burns was released from custody the morning following his arrest. He then sought medical treatment for his back. His injuries were diagnosed as a contusion and abrasion of the back with an acute lumbar sprain. Plaintiff was confined to the hospital for several days thereafter.
At the trial Burns testified that the injuries caused him to suffer pain in his back for approximately three months after the accident. Plaintiff stated that his back gradually became better, but never completely healed.
Plaintiff contends that Bill Hillmon, the Leesville Chief of Police, the Village of New Llano and the Town of Leesville (with its insurer) are liable for the injuries suffered by him when he fell from the bunk bed.

*111 DUTY OF CARE TO INTOXICATED PRISONER:
In Barlow v. City of New Orleans, 257 La. 91, 241 So.2d 501, 504, 505 (1970), the court stated:
"[3] The duty of care owed one under arrest and in custody to keep him safe and protect him within reasonable limits from injury not attributable to his own willful act has been recognized by all courts."
The court went on to state:
"While it is true, as a general rule, that voluntary intoxication does not relieve one from negligent conduct or serve to relax the requirement which is imposed upon a person to exercise due care for his own safety (see 38 Am.Jur., Negligence, Sec. 203, page 883, and 65A C.J.S. Negligence § 143, page 174), this rule is subject to the exception that, where the person is in such a helpless state of intoxication that he is unable to take care of himself and is, as in this case, confined under arrest, recovery for the injuries he has received emanating from a danger to which he is exposed, which is attributable partially to his unconscious act, but against which the defendant should have protected him, is not barred by contributory negligence."
In the present case, it is clear from the record that plaintiff's injuries were a result of his own negligence in attempting to get down from the bed in an unsafe manner. Although he was intoxicated, this did not relieve the plaintiff from exercising due care for his own safety. Furthermore, an examination of the record reveals that plaintiff was not in such a helpless state of intoxication that any of the defendants or their representatives were negligent in placing plaintiff on the upper bunk. He testified that when told he was under arrest at his lounge he said "Okay and I went and opened the back door and got in the car." Apparently, no assistance from the officers was necessary. Further, plaintiff said that when he fell from the bed, he "wasn't all that intoxicated", but "Was about half sober...." Burns also stated that, prior to falling, he understood that he would have to jump or let himself down from the bed. In light of these facts, we are convinced that the police officers committed no act of negligence in assigning or placing plaintiff in an upper bunk. On the contrary, the sole cause of the accident was the negligence of plaintiff.
Plaintiff also contends that defendants were negligent in failing to obtain medical treatment for him after he fell from the bunk. Although Burns and two other inmates said that he requested medical help more than once, the jailers on duty that night testified that plaintiff never requested medical attention. The late James C. Terrell, Jr., Trial Judge, in finding for defendants, apparently accepted the jailers' testimony as being correct. Our examination of the record does not reveal this finding to be clearly wrong. Therefore, we must conclude that defendants were not negligent in failing to provide medical treatment for plaintiff. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
For the above and foregoing reasons, the judgment of the trial court rejecting plaintiff's demands is affirmed. All court costs are assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[1] He testified, however, that his name was Bill Burns, Jr.
[2] The Travelers Insurance Company was dismissed from the suit on a motion for summary judgment that was unopposed.